NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0037n.06
Filed: October 20, 2004

Case Nos. 03-5195, 03-5198

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOANNE ANDERSON, et al. (No. 03-5195),<br>CHARLES A. TEMPLE, et al. (No. 03-5198), | )<br>)<br>) | |
| Plaintiffs-Appellants, | )<br>) | ON APPEAL FROM THE<br>UNITED STATES DISTRICT |
| v. | )<br>) | COURT FOR THE MIDDLE<br>DISTRICT OF TENNESSEE |
| R.J. REYNOLDS TOBACCO CO., et al., | )<br>) | |
| Defendants-Appellees. | )<br>)<br>) | |
| _____ | )<br>) | |

BEFORE: SUHRHEINRICH and BATCHELDER, Circuit Judges; RICE,[*] District Judge.

ALICE M. BATCHELDER, Circuit Judge. Plaintiffs in these consolidated diversity

actions, all of whom claim tobacco-related injuries and are recipients of the Tennessee Medicaid

program, "TennCare," appeal the district court's orders dismissing all of their claims against the

defendants. Plaintiffs bring federal claims under 42 U.S.C. §§ 1983, 1985, and 1986, and state law

claims for unjust enrichment and conspiracy to convert funds belonging to the plaintiffs, all arising

out of the Master Settlement Agreement ("MSA"), which settled the State of Tennessee's tobacco

litigation with various tobacco companies, including these defendants. The plaintiffs claim that the

defendants, by entering into and complying with the terms of the MSA, deprived plaintiffs of their

property rights in their causes of action for injuries caused by tobacco-related products, in violation

_____

[*]The Honorable Walter Herbert Rice, District Judge for the Southern District of Ohio, sitting by designation.

of the Fourteenth Amendment; conspired to deprive the plaintiffs of their civil rights; and failed to prevent the deprivation of their constitutionally protected rights. Plaintiffs further argue that the litigation resulting in the MSA was essentially a subrogation action to recover medical expenses paid on behalf of Plaintiffs as TennCare recipients; that under Tennessee law, Plaintiffs must be made whole for their injuries before the State of Tennessee may obtain such reimbursement; that the Plaintiffs have not been made whole for their injuries; and that the MSA therefore violates Tennessee law because it directs the Tobacco defendants to reimburse the state of Tennessee for medical expenses paid on behalf of Plaintiffs as Medicaid recipients without first making Plaintiffs whole for their tobacco-related injuries.

The district court granted the defendants' Fed. R. Civ. P. 12(b)(6) motions to dismiss, holding that the plaintiffs could prove no set of facts in support of their claims that would entitle them to relief. The district court dismissed the Section 1983 claims because the plaintiffs could not identify any property right protected by the Constitution or by federal law of which they have been deprived. The court dismissed the Section 1985 and 1986 claims because the plaintiffs did not allege any class-based animus. Finally, the district court held that the state law claims failed because they were wholly dependent upon a finding that the MSA lawsuit was a subrogation action, which it was not.

We have carefully reviewed the district court's opinions, the record, the applicable law, the parties' briefs and counsels' arguments, and we are convinced that the district court did not err in its conclusions. As the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written

2

opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.